THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANGASWAMY MEGANATHAN, | ) | |
| | ) | Case No.: 16-cv-8291 |
| Plaintiff, | ) | |
| v. | ) | Hon. Judge Thomas M. Durkin |
| | ) | |
| NORTHERN ILLINOIS UNIVERSITY, | ) | Magistrate Judge: Jeffrey Gilbert |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), OR, IN THE ALTERNATIVE, UNOPPOSED MOTION TO TRANSFER ACTION TO THE WESTERN DIVISION**

NOW COMES the defendant, NORTHERN ILLINOIS UNIVERSITY, by and through its attorney LISA MADIGAN, Attorney General of the State of Illinois, and submits the following Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), Or, in the Alternative, Unopposed Motion to Transfer Action to the Western Division, and states as follows:

1. Plaintiff Rangaswamy Meganathan ("Plaintiff"), a professor in the Department of Biological Sciences at Northern Illinois University, alleges that he is an Indian male of Indian national origin. (Compl. ¶¶ 7, 19, Dkt. No. 1.)

2. According to Plaintiff, Defendant has discriminated against him on the basis of race and national origin by, *inter alia*, "treating Plaintiff worse than similarly situated non-Indian faculty members in terms of Plaintiff's evaluations, merit scores, off-cycle salary adjustments, evaluation scores, and recognition of Plaintiff's achievements." (*Id.* ¶ 66.)

3. All of Plaintiff's proposed comparators are or were professors at Northern Illinois University. (*See, e.g.*, ¶¶ 11, 14-17, 28-29, 41-45, 47-50, 53.) Plaintiff alleges that he

made complaints of this alleged discrimination to various members of the Northern Illinois University administration. (*Id.* ¶¶ 56-60.)

4. The only cause of action invoked in Plaintiff's Complaint is discrimination against him based on race and national origin pursuant to 42 U.S.C. § 1981. (*Id.* ¶ 1.) Plaintiff has not named any individuals as defendants in his Complaint.

5. Plaintiff's § 1981 claim against Northern Illinois University is barred by the Eleventh Amendment. Under the Eleventh Amendment, the state and its agencies are immune from private damages actions or suits for injunctive relief in federal courts unless the state, by unequivocal language, waives the protections of the Eleventh Amendment, or Congress unequivocally abrogates the state's Eleventh Amendment Immunity. *Kroll v. Board of Trustees of the Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991.)

6. The Seventh Circuit has found that Illinois state universities—including NIU specifically—are arms of the state that receive the protection of the Eleventh Amendment. *See Osteen v. Henley,* 13 F.3d 221, 223-24 (7th Cir. 1993) (Northern Illinois University). *See also, e.g., Davidson v. Bd. of Governors,* 920 F.2d 441, 442 (7th Cir. 1990) (Western Illinois University); *Cannon v. Univ. of Health Sciences,* 710 F.2d 351, 356 (7th Cir. 1983) (University of Illinois and Southern Illinois University). Thus, Plaintiff's § 1981 claims against Northern Illinois University should be dismissed with prejudice for lack of subject matter jurisdiction.

7. Should the Court deny Defendant's Motion to Dismiss, it respectfully requests that the Court transfer this matter to the Western Division of the Northern District of Illinois, pursuant to 28 U.S.C. §1404(a). Transfer of venue under § 1404(a) is proper if the moving party demonstrates that: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses, also called "private interest" factors; and (3) it is in the

interest of justice, also called "public interest" factors. *Bjoraker v. Dakota, Minn. & E. R.R. Corp.*, No. 12 C 07513, 2013 WL 951155, at *2 (N.D. Ill. Mar. 12, 2013) (citing *Navarette v. JQS Prop. Maint.*, No. 07 C 06164, 2008 WL 299084, at *3 (N.D. Ill. Jan. 29, 2008)). All of these factors favor transfer to the Western Division.

8. Here, venue is proper in either the Eastern or Western division, as the Northern District of Illinois has no local rule requiring divisional venue. *Hogan v. Ford New Holland*, No. 95-C-53, 1995 WL 360466, at *5 (N.D. Ill. June 15, 1995).

9. The private interest factors favor transfer to the Western Division, as the situs of material events is DeKalb, Illinois, located in the Western Division, and all of Defendant's employee-witnesses are located in the Western Division.

10. The public interest factors also favor transfer to the Western Division in Rockford, Illinois, as that is the closest federal court to DeKalb Illinois, and the Western Division has an interest in resolving controversies in its vicinity.

11. Prior to filing this motion, the undersigned attorney for Defendant met and conferred with Plaintiff's counsel. Plaintiff's counsel indicated that he opposes dismissal of this case, but does not oppose transfer of this matter to the Western Division.

WHEREFORE, for the foregoing reasons the Defendant respectfully requests that this Honorable Court dismiss all claims against the Defendant. In the alternative, Defendant respectfully requests that this Honorable Court transfer this case to the Northern District of Illinois, Western Division. Defendant also requests that the Court grant such further relief that it finds reasonable and just.

                                                          Respectfully Submitted,

LISA MADIGAN
Attorney General of Illinois

                                                          */s/ Jeffrey J. Freeman*
                                                          Jeffrey Freeman
                                                          Assistant Attorney General
                                                          100 West Randolph Street
                                                          Chicago, Illinois 60601
                                                          (312) 814-4451
                                                          JFreeman@atg.state.il.us

**CERTIFICATE OF SERVICE**

       The undersigned attorney hereby certifies that on October 27, 2016, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

                                                          */s/ Jeffrey J. Freeman*